**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA MATTHEW PRESTON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Respondent. | No. 25-4287 <br><br> Agency No. Securities and Exchange Commission <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Securities and Exchange Commission

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Joshua Matthew Preston petitions for review of the Securities and Exchange Commission ("Commission")'s order approving Financial Industry Regulatory Authority, Inc. ("FINRA") Rule 3270. As the parties are familiar with the facts, we do not recount them here. We dismiss the petition as untimely.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"A person aggrieved by a final order of the Commission . . . may obtain review of the order in the United States Court of Appeals" by filing a written petition "within sixty days after the entry of the order." 15 U.S.C. 78y(a)(1). "On the filing of the petition, the court has jurisdiction . . . to affirm or modify and enforce or to set aside the order in whole or in part." *Id.* 78y(a)(3).

The Commission entered the order approving FINRA Rule 3270 on August 23, 2010. 75 Fed. Reg. at 53362. Preston petitioned for review in this court on July 11, 2025, almost fifteen years after the Commission approved FINRA Rule 3270.

Preston argues that the timeliness of the petition turns on injury rather than promulgation, which is contrary to the language of the statute. *See* 15 U.S.C. 78y(a)(1). But even if, as Preston alleges, timeliness turns on when Preston was allegedly injured rather than when the Commisssion entered the order, Preston has still failed to establish how his petition is timely.

Preston alleges that he was injured on October 16, 2024, when J.P. Morgan notified him that he should cease the publication. He filed suit against the Commission challenging its implementation of FINRA Rule 3270 on December 3, 2024, in the U.S. District Court for the District Court of Arizona, within sixty days of injury. But Preston needed to petition the court of appeals—and not the district

court.[1]  15 U.S.C. 78y(a)(1).  His petition was filed in this court more than sixty days after his alleged injury date and so was untimely.  Because we dismiss the petition to review the Commission's order approving FINRA Rule 3270 as untimely, we do not reach the merits.

**DISMISSED.**

---

[1] The district court dismissed Preston's suit for lack of jurisdiction.  *Preston v. SEC*, No. 24-03396, 2025 WL 1425004 (D. Ariz. May 16, 2025).  Preston has not appealed the district court's dismissal.